ROWE *v.* BREGENZER.

1. EVIDENCE—RELEVANCY—NEGLIGENT SETTING OF FIRES.
   In an action for negligent setting of fires, testimony as to defendant's actions a few days previous to the loss sustained, in setting fires on the land on which plaintiff's wood was situated, is competent and material to show, with other evidence, who set the fire.

2. SAME—ADMISSIONS.
   A conversation is admissible in which defendant evaded the question whether or not he set the fire, neither directly admitting nor denying the act.

3. TRIAL—CHARGE TO JURY.
   A sentence in the charge of the court, which is incorrect when read alone, but proper when read in connection with the remainder of the charge, is not a reversible error.

4. SAME—NEW TRIAL—SAVING QUESTIONS FOR REVIEW.
   On error, an assignment upon the denial of a new trial will not be considered unless exceptions are taken to the reasons given by the court or to the opinion as a whole.

Error to Osceola; Rose, J.  Submitted April 7, 1910. (Docket No. 26.)  Decided June 6, 1910.

Case by Arthur Rowe against Joseph Bregenzer for damages caused by the negligent setting of fires.  A judgment for plaintiff is reviewed by defendant on writ of error.  Affirmed.

*Cogger & Broomfield,* for appellant.

*B. N. Savidge,* for appellee.

BLAIR, J.  Defendant prosecutes his writ of error to review the judgment of the circuit court entered upon the verdict of the jury in favor of plaintiff.  The case was begun in justice's court, where the following declaration was filed:

"For that, whereas, the plaintiff on, to wit, the 5th day of August, 1908, was the owner of a large quantity of wood, to wit, 40 cords, of the value of $60, lawfully piled on the premises of defendant, and the said defendant on or about the said day negligently, carelessly, wilfully, and maliciously did set or cause to be set a fire or fires on said premises, and that by and through the negligence, carelessness, and default of said defendant and his servants in setting such fires at an improper and unseasonable time, and in not caring for such fires, and in not controlling and preventing the spreading of the same and not extinguishing the same in due season, said fires spread to the plaintiff's wood and utterly burned, consumed, and destroyed said 40 cords of wood, the property of said plaintiff, to the damage of plaintiff $60, and therefore he brings suit."

Ten of the 12 assignments of error are based upon alleged errors of the court in ruling upon the admissibility of testimony.  It was undisputed that plaintiff's wood was destroyed by fire on defendant's premises, and the principal question of fact in the case was whether defendant was responsible for the setting of the fire.  No eyewitness testified to the fact of defendant's starting the fire or causing it to be started.  Plaintiff sought to connect defendant with the fire by his own declarations and ad-

missions and by circumstantial evidence. The wood was piled in a slashing full of dead tops, brush, and débris, and the season was a very dry one. There was testimony to the effect that prior to the burning in question defendant had given notice to one of the owners of the wood that he wanted it taken away because he was going to burn the slashing. The testimony showed that the wood was burned either on Tuesday or Wednesday, August 4 or 5, 1908.

A witness was permitted to testify that the Saturday before the fire he had the following conversation with defendant:

"All he said, I made the remark, 'You were gone quite awhile,' because I had been running the binder in his place. He was cutting quite a number of rows ahead of me, and I thought maybe he had deserted me, and he said, 'I was just walking around through the slashing to see if the wood was out of there.' He said, 'What a good time it would be to burn now.' That is all the conversation there was. There wasn't any fire in the slashing next to this wood then. I first discovered the fire a few minutes after that, while we were standing there talking. I stopped the binder so I could look away from the team, and said, 'There is a fire over on the side of the slashing next to Mattock's.' That is a portion of the same slashing Bregenzer had been through to see if the wood was out. I was home Sunday, and I don't know anything about the fire on Sunday. I couldn't say whether there was any fire there on Monday. If there was, it had burned down and gone out."

Error is assigned upon the admission of this testimony because it is claimed it conclusively appeared that the fire spoken of was not connected with the destruction of the wood. If the jury believed this testimony, it tended to show that defendant, knowing that the wood was still there and the probability of its burning, started a fire in the slashing. Whether the fire was actually or only apparently extinguished, the testimony was competent and material, in connection with the other circumstances, as

bearing upon the question whether the defendant set the fire a day or two later.

Error is also assigned upon the admission of the following conversation between a witness and defendant on Sunday before the destruction of the wood:

"*Q.* Now, what did you say to him?
"*A.* I asked him if he had been setting fire.
"*Q.* Did he hear you?
"*A.* Yes, sir.
"*Q.* What did he do or say?
"*A.* He said— He didn't say 'yes' or 'no.'
"*Q.* Did he make any reply?
"*A.* He smiled a little, and said it was taking a flat sweep over the valley, or would be taking a flat sweep over the valley, something like that. I wouldn't say them are the words he said, because I couldn't.
"*Q.* He neither admitted or denied setting fire?
"*A.* No, sir."

The witness had previously testified that there was no time between Saturday when he first discovered the fire and the day the wood burned when there was no fire in the slashing. The answer tended to show an evasion of the question, and, although not very cogent proof, was admissible for what it was worth.

The eleventh assignment challenges the accuracy of a single sentence of the charge. Standing alone the statement of the plaintiff's claim in this sentence was not technically accurate. Read in connection with other portions of the charge, plaintiff's claim was fully and fairly stated and with technical accuracy.

The twelfth assignment alleges error in denying the defendant's motion for a new trial. No exceptions were taken to the reasons assigned by the circuit judge nor to the opinion as a whole and we therefore cannot consider this assignment.

The judgment is affirmed.

Moore, McAlvay, Brooke, and Stone, JJ., concurred.